IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SPEEDSPORTZ, LLC, an Oklahoma limited liability company, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 07-CV-624-TCK-SAJ |
| MENZEL MOTOR SPORTS, INC., a California corporation, | ) ) ) | |
| Defendants. | ) ) | |

## OPINION AND ORDER

Before the Court is Plaintiff's Motion to Amend Complaint to Add Additional Party Defendant ("Motion to Amend") (Doc. 17).

## I.      Factual Background

In its First Amended Complaint, Plaintiff SpeedSportz, LLC ("SpeedSportz") alleges that it owns a 1957 Mercedes 300SL Convertible Roadster ("Mercedes"), which is "highly sought after by collectors and is extremely valuable."  SpeedSportz, an Oklahoma corporation, hired Defendant Menzel Motor Sports, Inc. ("Motor Sports"), a California corporation, to do repair work on the Mercedes.  SpeedSportz alleges that this work was not completed in a reasonably competent manner and asserts three causes of action:  (1) negligent injury to property, (2) breach of contract, and (3) breach of warranty.

On July 2, 2008, the Court entered a scheduling order setting a deadline of July 30, 2008 for motions to join or amend.  SpeedSportz filed its Motion to Amend on July 15, 2008.  In its Motion to Amend, SpeedSportz seeks to add Alexander Menzel ("Menzel"), President of Motor Sports, as an individual defendant to all three causes of action.  Motor Sports filed a Special Appearance and Response in Opposition to Plaintiff's Motion to Amend Complaint to Add Additional Party

Defendant (Doc. 18), wherein Motor Sports argues that addition of Menzel as a party is futile because this Court lacks personal jurisdiction over Menzel, and all claims asserted against Menzel would be subject to immediate dismissal.

## II.      Standing

In its reply brief, SpeedSportz argues that Motor Sports lacks standing to object to addition of Menzel as a party because "the objection to becoming a defendant in this matter is personal to Mr. Menzel, after he has actually been named as such, and belongs to no other party or entity." (Reply in Support of Mot. to Amend 2.)  SpeedSportz cited no authority holding that a named defendant lacks standing to object to the addition of another defendant, and the Court's research revealed none. To the contrary, objections to motions to add parties, which are necessarily filed only by existing parties, are routinely addressed by courts without discussion of standing or ripeness doctrines. *See, e.g., Murray v. Sevier*, 156 F.R.D. 235, 238 (D. Kan. 1994) (addressing objection of existing defendants to addition of new defendants, where existing defendants argued, *inter alia*, that court lacked personal jurisdiction over proposed new defendants); *see also* 6 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, *Federal Practice & Procedure* § 1474 n.19 (2d ed. 1990) (listing numerous cases in which courts addressed objections to motions to add parties, which were filed by existing parties).  Accordingly, the Court rejects SpeedSportz' initial argument that Motor Sports lacks standing to object to the Motion to Amend.

**III.     Analysis**

Because SpeedSportz' Motion to Amend was filed after API was served with responsive

pleadings, the motion is governed by the standard in Federal Rule of Civil Procedure 15(a)(2).  Rule

15(a)(2) provides that a court should "freely give leave when justice so requires."  Courts generally

deny leave to amend only on "a showing of undue delay, undue prejudice to the opposing party, bad

faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility

of amendment."  *Duncan v. Manager, Dep't of Safety*, *City, and County of Denver*, 397 F.3d 1300,

1314 (10th Cir. 2005) (quotation omitted).   In this case, Motor Sports argues that the proposed

amendment is futile because the Court lacks personal jurisdiction over Menzel.

"A court properly may deny a motion for leave to amend as futile when the proposed

amended complaint would be subject to dismissal for any reason . . . ."  *E.SPIRE Comm'cns, Inc.*

*v. N.M. Public Reg. Comm'n*, 392 F.3d 1204, 1211 (10th Cir. 2004); *Murray*, 156 F.R.D. at 238 ("If

a proposed amendment cannot withstand a motion to dismiss or otherwise fails to state a claim, then

the court is clearly justified in denying an amendment on futility grounds.").  "In ascertaining

whether plaintiff's proposed amended complaint is likely to survive a motion to dismiss, the court

must construe the complaint in the light most favorable to plaintiff, and the allegations in the

complaint must be accepted as true."  *See Murray*, 156 F.R.D. at 238 (citations omitted).  "Any

ambiguities must be resolved in favor of plaintiff, giving him 'the benefit of every reasonable

inference' drawn from the 'well-pleaded' facts and allegations in his complaint."  *Id.*

The proposed Second Amended Complaint is not attached to the Motion to Amend and is

not before the Court.  The evidence before the Court regarding personal jurisdiction consists of:  (1)

the  Affidavit  of  Alexander  Menzel  ("Menzel  Affidavit"),  wherein  Menzel  states  that  all

circumstances giving rise to this lawsuit occurred in California and that he does not have any

ongoing business dealings in Oklahoma; (2) the Affidavit of John Reaves ("Reaves") ("Reaves

Affidavit"), President of SpeedSportz, wherein Reaves alleges that he has had ongoing business

dealings with Menzel for two to three years and that he spoke with technicians in California prior

to the Mercedes being repaired; and (3) exhibits attached to the Reaves Affidavit, which consist of

four SpeedSportz invoices and two faxes.[1]  Although not couched in these terms, Reaves appears

to assert that Menzel is subject to both the general and specific jurisdiction of this Court.  *See Melea,*

*Ltd. v. Jawer SA*, 511 F.3d 1060, 1066 (10th Cir. 2007) (explaining that the exercise of personal

jurisdiction can be based on a defendant's continuous and systematic general business contacts with

the forum (general jurisdiction) or a defendant's purposeful direction of activities at the forum

state's residents if the cause of action arose out of those activities (specific jurisdiction)).

Based on the evidence currently presented, the Court is not persuaded that the addition of

Menzel as a defendant is wholly "futile."  SpeedSportz has presented evidence regarding Menzel's

connection with and visit to Oklahoma regarding the Mercedes repair, as well as Menzel's general

contacts with Oklahoma.  Therefore, the Court will allow SpeedSportz to amend its Complaint to

add Menzel as a defendant and will decide the question of personal jurisdiction based on a fully

briefed motion to dismiss.  These briefs shall include more detailed arguments, citations to relevant

authority regarding general and specific jurisdiction, and a more complete evidentiary record. The

Court cautions Plaintiff that, based on the evidence currently presented, the Court has concerns as

---

[1] SpeedSportz has not provided any specific information or argument regarding these six exhibits but merely referenced them as support for the statement in Paragraph 5 of the Reaves Affidavit.  It is not clear to the Court how these exhibits, and particularly the faxes, support Plaintiff's assertions.

to whether SpeedSportz will ultimately be able to meet its burden of proof.  However, the Court

finds that allowing amendment is, at this stage of the proceedings, in the interest of justice.  *See*

*Murray*, 156 F.R.D. at 258 (granting motion to amend to add individual defendants but noting its

"doubts" concerning personal jurisdiction).

      **ORDERED THIS 17th DAY OF OCTOBER, 2008.**

_____

**TERENCE C. KERN**
**UNITED STATES DISTRICT JUDGE**