## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SPEEDSPORTZ, LLC, an Oklahoma limited<br>liability company, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **Case No. 07-CV-624-TCK-SAJ** |
| | ) |
| MENZEL MOTOR SPORTS, INC., a<br>California corporation,<br>ALEX MENDEL, | ) |
| | ) |
| | ) |
| | ) |
| Defendants | ) |

## OPINION AND ORDER

Before the Court is Defendant Menzel Motor Sports, Inc's Motion for Leave to File Third

Party Complaint ("Motion for Leave") (Doc. 34), wherein Menzel Motor Sports, Inc. ("Motor

Sports") moves the Court for leave to file a third-party complaint against Michael Hammer

("Hammer").[1] Motor Sports contends that the "damage to this vehicle may have been caused in part

and/or aggravated by attempts by [Hammer] to start and drive the 1957 300SL Mercedes after he

knew or should have known the vehicle was not in driving condition." (Mot. for Leave 1.) Plaintiff

SpeedSportz, LLC ("SpeedSportz") objects on grounds of "futility" of the third-party claim.

Specifically, SpeedSportz argues that, based on the undisputed mechanical bases for the engine

failure, "[t]here is nothing that any driver operating this vehicle could have done" to destroy the

engine or contribute to the damage in any way. (Resp. to Mot. for Leave 2.) SpeedSportz further

argues that the Motion for Leave should be denied because Motor Sports' own expert, J.R. Bob

Tankersley ("Tankersley"), concluded that "[t]here is no evidence that the vehicle was operated in

---

[1] For a brief factual background, see Opinion and Order dated October 17, 2008 (Doc. 24),
which is incorporated herein by reference.

a way that had contributed to the [engine] failure." (*See* Supplemental Report of Tankersley, Ex. 2 to Mot. for Leave to Amend.)  According to SpeedSportz, Motor Sports is aware that Hammer is not jointly liable and merely seeks to file a third-party complaint against him "in the hopes that he has an insurance company that will be forced to defend him and hopefully contribute to an ultimate settlement of the case." (Resp. to Mot. for Leave 5.)  Motor Sports did not file a reply brief further explaining or providing a basis for its belief that Hammer may be jointly liable for damage to the vehicle.

Federal Rule of Civil Procedure 14(a)(1) allows a defending party to serve a complaint on a non-party who "is or may be liable to it for all or part of the claim against it."  "The granting of leave for a defendant to prosecute a third party proceeding under Rule 14 rests in the sound discretion of the trial court." *First Nat'l Bank of Nocona v. Duncan Sav. and Loan Ass'n*, 957 F.2d 775, 777 (10th Cir. 1992).  In exercising its discretion, "the court should endeavor to effectuate the purpose of Rule 14, which means that impleader is to be allowed if it will avoid circuity of actions and eliminate duplication of suits based on closely related matters." 6 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, *Federal Practice & Procedure* § 1443 [*Federal Practice*] (2d ed. 1990). Generally, "a timely application for impleader should be granted except when it will delay or disadvantage the existing action and the third-party complaint obviously lacks merit." *Id.*; *see also Shafarman v. Ryder Truck Rental, Inc.*, 100 F.R.D. 454, 458-59 (S.D.N.Y. 1984) ("Timely motions for leave to implead non-parties should be freely granted . . . unless to do so would prejudice the plaintiff, unduly complicate the trial, or would foster an obviously unmeritorious claim.").[2]

---

[2]  SpeedSportz urged the Court to deny the Motion for Leave based on "futility," as such doctrine is applied to motions to amend pleadings pursuant to Federal Rule of Civil Procedure 15. However, the Court is not persuaded that this precise doctrine applies to Rule 14 motions, and the

The Court's current Scheduling Order required motions to join or amend parties by January 27, 2009, which is the date the Motion for Leave was filed. Thus, the Motion for Leave was timely. However, based on the record presented on the Motion for Leave, the Court concludes that the addition of Hammer as a third-party defendant "would foster an obviously unmeritorious claim" and would result in a waste of time and resources. First, Motor Sports failed to attach a copy of the proposed third-party complaint, making it difficult for the Court to evaluate its proposed third-party claim. *See Federal Practice* § 1453 (explaining that a movant typically attaches the proposed third-party complaint to its motion, and the Court determines "if a proper third-party claim actually exists and whether to grant the motion to implead"). Second, the Motion for Leave does not explain or provide any basis for its conclusion that damages to the vehicle "may have been caused in part and/or aggravated" by Hammer's attempts to start the vehicle. At the time Motor Sports filed its Motion for Leave, the parties had completed at least some discovery. Yet Motor Sports failed to adequately explain its theory of liability against Hammer or elaborate on what evidence led Motor Sports to believe that Hammer may be jointly liable.

Finally, and most importantly, Motor Sports did not respond in any way to SpeedSportz' objection, which persuasively argued that there is no legal basis for impleading Hammer based on the discovery that has already been exchanged. Motor Sports' own expert, Tankersley, concluded that "there was no evidence that the vehicle was operated in a way that had contributed to the [engine] failure," which appears to be contrary to Motor Sport's assertion that Hammer's operation of the vehicle somehow contributed to the damage. In light of the record and arguments presented by SpeedSportz, and in light of the progress of the litigation, the Court finds that Motor Sports'

---

Court has analyzed the Motion for Leave based on the language of Rule 14 and the principles set forth above.

failure to provide even a brief explanation for its theory of liability against Hammer counsels strongly against granting its Motion for Leave.

Based on all of the above circumstances, the Court concurs with SpeedSportz' assertion that "it is an absolute and total waste of attorney fees and time to bring Mr. Hammer in as a party at this time, based on the allegations set forth in the [Motion for Leave]," (Resp. to Mot. for Leave 5), and the Court exercises its discretion to deny the Motion for Leave.  Defendant Menzel Motor Sports, Inc's Motion for Leave to File Third Party Complaint (Doc. 34) is DENIED.

**ORDERED THIS 2nd DAY OF APRIL, 2009.**

**TERENCE C. KERN**
**UNITED STATES DISTRICT JUDGE**